ORIGINAL

FILED

10/08/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0567

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0567

FILED

OCT - 8 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

PETER THOMPSON,

      Petitioner,

v.

      O R D E R

GALLATIN COUNTY JUSTICE COURT,
HONORABLE BRYAN ADAMS, Presiding,

      Respondent.

Peter Thompson has returned to this Court with an Application for Declaratory Judgment and Injunction or Stay, or in the alternative, a Petition for an Extraordinary Writ, such as Supervisory Control, and Injunction or Stay. In seeking relief here, Thompson's main argument is that the Gallatin County Justice Court's July 16, 2024 Order of Possession "was issued after the lower court's loss of jurisdiction[.]" Thompson includes 291 pages of attachments.

This Court is familiar with Thompson's proceeding in the Justice Court and the accompanying history. On August 27, 2024, this Court denied his petition for a writ of certiorari or, in the alternative, for a writ of supervisory control, concerning his request for a stay of the Justice Court's proceeding and other relief. *Thompson v. Gallatin County Justice Ct.*, No. OP 24-0493, Order (Mont. Aug. 27, 2024) (*Thompson I*). We stated then upon acknowledging the Justice Court's Order:

> According to the attached July 16, 2024 Order, CB Properties, LLC sought possession of the real property located at 2988 Blackbird Drive, Bozeman, Montana, after purchasing the property at a December 1, 2023 Trustee's Sale, foreclosing the deed of trust. The Trustee's Deed was issued and recorded on the same day. Thompson and the other occupants did not vacate the property on December 1, or ten days later, thereby becoming tenants at will pursuant to § 71-1-319, MCA. CB Properties, LLC then gave Thompson and the other occupants a month's notice, under § 70-27-104, MCA, to vacate the

property. The Justice Court found that despite the foreclosure and demand to vacate, Thompson and the other occupants continued to occupy the property unlawfully and became holdover tenants. The court ordered that CB Properties, LLC was entitled to immediate possession of the property. The court further ordered that if Thompson and the other occupants did not immediately vacate and surrender possession, the Order would operate as a Writ of Assistance, directing the Gallatin County Sheriff to evict and physically remove Thompson, the other occupants, and the corresponding personal property.

*Thompson I*, at 2.

We concluded that Thompson was not entitled to a stay or to either writ for extraordinary relief because he could not demonstrate that a stay or writ should issue. We explained:

> Thompson had a right of appeal to the District Court from the Justice Court's July 16, 2024 Order. Section 3-5-303[;] Title 25, ch. 33, MCA. Thompson received notice regarding possession and that he and his family should vacate the premises at least three times—December 2023, January 2024, and July 2024. The Justice Court denied his requests for a stay, and he has not sought relief in the District Court. We decline to address his request for a stay here. M. R. App. P. 22(2).

*Thompson I*, at 3-4. We pointed out that "the court's July 16, 2024 Order constituted a final determination of the rights of the parties." *Thompson I*, at 3.

As we noted in our previous order, a justice court has concurrent jurisdiction over an unlawful detainer action in the county where the property is located. Section 3-10-302, MCA. We stated that we did not have a sufficient record to determine whether Thompson questioned title to real property in the justice court action. *Thompson I*, at 3.

Thompson now asserts that on June 28, 2024, he "filed an answer questioning the propriety of" CB Properties, LLC's title to the property in the Justice Court, and that his answer disputes the validity of title. He contends that the lower court thus lost its jurisdiction. Thompson contends that his filings repeatedly contested the legitimacy of the underlying deed of trust, and the Justice Court thereby was deprived of jurisdiction and should have "certified [the action] to the district court." Thompson seeks a declaratory judgment to invalidate the July 16, 2024 Order of Possession because the Justice Court had

2

no authority when he raised challenges to title in the unlawful detainer action. He further contends that the Justice Court must dismiss the matter. Thompson argues that his Petition is timely filed because he can challenge subject matter jurisdiction at any time and there is no notice of entry of judgment filed. Thompson again argues that either a writ of review or a writ of supervisory control is appropriate here.

Thompson's requests for relief are not appropriate here. The records Thompson included show that on June 24, 2024, the Justice Court denied Thompson's Motion to Dismiss the Verified Complaint for Unlawful Detainer that CB Properties, LLC filed on January 19, 2024, concluding that Thompson's recording of a lis pendens on the initiation of his since-dismissed federal court action did not prevent the unlawful detainer action. The court directed him to file an answer to the Verified Complaint on or before June 28. Thompson promptly filed a motion for extension of time to file his answer. On June 27, 2024, the Justice Court issued an Order denying Thompson's motion for extended time to file an answer to the Verified Complaint. We conclude that Thompson, regardless of his assertion, did not file an answer in Justice Court.

In *Thompson I*, we concluded that the Justice Court had not exceeded its jurisdiction or proceeded upon a mistake of law. M. R. App. P. 14(2), (3). "*Res judicata* bars a party from relitigating a matter that she has already had an opportunity to litigate." *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 16, 331 Mont. 281, 130 P.3d 1267. Here, all the elements are met for *res judicata* to apply: the parties, the subject matter, the issues related to the subject matter, and the parties' respective capacities are the same. *Baltrusch*, ¶ 33. This Court has heard and addressed Thompson's claims, and a second original proceeding will not offer a different result. We observe finally that Thompson did not serve the Justice Court with a copy of his petition. M. R. App. P. 14(6).

IT IS THEREFORE ORDERED that Thompson's:

1. Application for a Declaratory Judgment and Injunction or Stay is DENIED;

2. Alternative Application for a Writ of Extraordinary Relief is DENIED;

3. Alternative Application for a Writ of Supervisory Control is DENIED; and

4. Request for an Injunction and Stay is DENIED.

3

The Clerk of the Supreme Court is directed to CLOSE this matter as of this Order's date.

The Clerk is also directed to provide a copy of this Order to: the Honorable Bryan Adams, Justice of the Peace, Gallatin County, along with a copy of Thompson's Petition; counsel of record; and Peter Thompson personally.

DATED this 8 day of October, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

4